IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No.   14-mj-07006-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    MICHELLE R. PAUP,

      Defendant.

---

**TRIAL PREPARATION CONFERENCE ORDER**

---

Having received no indication that the case will resolve by plea agreement and the time for such notification having passed, it is hereby **ORDERED**

    1.    The change of plea hearing scheduled for Monday, December 8, 2014 at 1:30 p.m. is hereby changed to a Trial Preparation Conference.  Further, as noted at the hearing on December 2, 2014, the bench trial scheduled to begin on December 15, 2014 at 9:30 a.m. is converted to a **jury trial to be held on December 15, 2014.**   Counsel shall appear on the first day of trial at 8:45 a.m**.**   The court has reserved one and one-half days to conduct the trial.

    2.    The case will be tried to a jury of 12[1]  persons.

    3.     At the outset of the conference, the parties shall submit the stipulated and proposed individually numbered jury instructions and verdict forms as well as proposed voir dire, if applicable.   The court will submit to counsel its stock jury instructions for review.

    4.     The parties shall have filed any and all motions in limine prior to the conference.  Late filed motions in limine may not be considered by the court.

---

[1]  The court was in error when it previously advised the parties the case would be tried to a jury of 6 persons.   Absent stipulation of the parties, Fed. R. Crim. P. 23(b)(1) requires that a jury will consist of 12 jurors in a misdemeanor trial.

5.     At the conference the parties shall be prepared to review and discuss, *inter alia*, the following:

   a. stipulated and proposed jury instructions and verdict forms;

   b. *voir dire* questions;

   c. the jury selection process;

   d. identification of all persons permitted to be seated at each party's table;

   e. the pronunciation of problematic party's and witness' names;

   f. the names or monikers that may be used when referring to a party or a witness;

   g. identification of "will call" and "may call" witnesses;

   h. issues concerning witnesses and exhibits;

   i. the allocation of trial time between the parties;

   j. the admission of stipulated exhibits or exhibits about which there are no objections;

   k. timing of publication, if any, of trial exhibits to the jury;

   l. anticipated evidentiary issues and resolutions of motions in limine;

   m. the necessity for cautionary or limiting instructions;

   n. exemptions from the order of sequestration of witnesses;

   o. security precautions, requirements, or issues;

   p. training on the use of courtroom technology; and

   q. transporting and bringing equipment, models, props, or other property into the courthouse and courtroom for use during trial;[2]

---

[2] The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties. Arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Sabrina Grimm, at (303)335-2039.**

6. Trial considerations:

    a. Before commencement of the trial, the parties shall submit to the courtroom deputy clerk the exhibits identified in their joint exhibit list (a set of original exhibits for use by the witnesses and a copy for the court, the law clerk, and all other parties). If a hard copy of the exhibits will necessitate the use of more than one notebook-style binder, the court requires that exhibits be marshaled electronically using removable storage (e.g. stick drives) which shall be provided to the court, the law clerk, and the courtroom deputy. Only one original set of exhibits will be accepted in hard copy format under this provision;

    b. Unless ordered otherwise, the jurors shall not be sequestered before deliberations;

    c. Trial witnesses subject to sequestration under Fed. R. Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

    d. Opening statements shall be limited to **twenty (20)** minutes per party. Closing argument shall be limited to **thirty (30)** minutes **total** for each party. The party with the burden of proof may reserve a portion of its time for rebuttal closing;

    e. Unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling. Counsel shall not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness. When objecting, state only that you are objecting, the legal ground of the objection, e.g., hearsay, irrelevant, etc. Should you need to argue an objection further you may ask for permission for a sidebar.;

    f. To eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk by the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

    g. For additional information about courtroom protocol, courtroom technology and training, trial preparation, transport of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Sabrina Grimm, at (303) 335-2039**, should be contacted.

DATED this 5th day of December, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

3